**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIM LAFAVER, Individually and For Others Similarly Situated | **Case No.** _____ |
| v. | Jury Trial Demanded |
| PROMEDICA EMPLOYMENT SERVICES, LLC | FLSA Collective Action<br>Rule 23 Class Action |

### CLASS AND COLLECTIVE ACTION COMPLAINT

1. Kim Lafaver (Lafaver) brings this class and collective action to recover unpaid wages and other damages from ProMedica Employment Services, LLC (ProMedica).

2. ProMedica employed Lafaver as one of its Hourly Employees (defined below), in Lehigh County, Pennsylvania.

3. Lafaver and the other Hourly Employees regularly work more than 40 hours a workweek.

4. But ProMedica does not pay Lafaver and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 in a workweek.

5. Instead, ProMedica pays Lafaver and the other Hourly Employees non-discretionary bonuses, including sign on bonuses, that it fails to include in these employees' regular rates of pay for overtime purposes (ProMedica's "bonus pay scheme").

6. ProMedica's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA) by failing to compensate Lafaver and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

7.      Likewise, ProMedica's bonus pay scheme violates the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Lafaver and the other Hourly Employees of agreed, earned overtime wages on their regular paydays and/or following the termination of their employment.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

10.     This Court has general personal jurisdiction over ProMedica because it is a limited liability company registered to do business in the Commonwealth. *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 134 (2023); *see also* 42 PA. CONS. STAT. § 5301.

11.     Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in Lehigh County, Pennsylvania, which is in this District. 28 U.S.C. § 1391(b)(2).

12.     Specifically, ProMedica employed Lafaver under its bonus pay scheme in Lehigh County.

## PARTIES

13.     ProMedica employed Lafaver as a licensed practical nurse (LPN) supervisor from approximately May 2025 until November 2025.

14.     Throughout her employment, ProMedica paid Lafaver under its bonus pay scheme.

15.     Lafaver's written consent is attached as **Exhibit 1**.

16.     Lafaver brings this class and collective action on behalf of herself and similarly situated ProMedica employees.

17.     The putative FLSA collective of similarly situated employees is defined as:

**All hourly employees who ProMedica paid under its bonus pay scheme during the last three years through final resolution of this action (the "FLSA Collective Members").**

18. The putative Pennsylvania class of similarly situated employees is defined as:

**All hourly employees who worked in, or were based out of, Pennsylvania[1] who ProMedica paid under its bonus pay scheme during the last 3 years through final resolution of this action (the "Pennsylvania Class Members").**

19. The FLSA Collective Members and the Pennsylvania Class Members are collectively referred to as the "Hourly Employees."

20. ProMedica is a Pennsylvania limited liability company headquartered in York, Pennsylvania.

21. ProMedica may be served with process by serving its registered agent: **CT Corporation System, 600 North Second Street, Suite 401, Harrisburg, Pennsylvania 17101.**

### FLSA COVERAGE

22. At all relevant times, ProMedica was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, ProMedica was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

24.     At all relevant times, ProMedica was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

25.     At all relevant times, ProMedica had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

26.     At all relevant times, Lafaver and the other Hourly Employees were ProMedica's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

27.     At all relevant times, Lafaver and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

### FACTS

28.      ProMedica is a medical provider that touts itself as "a mission-driven organization focused on improving health and well-being."[2]

29.     To meet its business objectives, ProMedica employs workers, including Lafaver and the other Hourly Employees.

30.     For example, ProMedica employed Lafaver as an LPN supervisor in Lehigh County, Pennsylvania from approximately May 2025 to November 2025.

31.     Lafaver's job duties included supervising CNAs, evaluating patients, administering medication, and direct patient care.

32.     Throughout her employment, Lafaver regularly worked more than 40 hours a workweek.

---

[2] https://www.promedica.org/ (last visited March 25, 2026).

33.    Indeed, Lafaver typically worked approximately 8 to 9 hours a day and 5 days a week "on the clock" (40 to 45 hours a workweek).

34.    ProMedica paid Lafaver approximately $35 an hour.

35.    Likewise, the other Hourly Employees typically work approximately 8 to 9 hours a day and 5 days a week "on the clock" (40 to 45 hours a workweek).

36.    And Lafaver and the other Hourly Employees record their "on the clock" hours worked via ProMedica's timekeeping system.

37.    At the end of each pay period, Lafaver and the other Hourly Employees receive wages from ProMedica that are determined by common systems and methods that ProMedica selects and controls.

38.    But ProMedica does not pay Lafaver and the other Hourly Employees at the required overtime rates for all hours worked in excess of 40 in a workweek.

39.    Instead, ProMedica pays Lafaver and the other Hourly Employees under its bonus pay scheme.

40.    Specifically, ProMedica agrees to pay and subsequently pays Lafaver and the other Hourly Employees non-discretionary bonuses, including sign on bonuses, based on fulfillment of its criteria.

41.    But ProMedica excludes these bonuses from Lafaver's and the other Hourly Employees' regular rates of pay for overtime purposes.

42.    For example, ProMedica paid Lafaver a $2,500 sign on bonus that it failed to include in Lafaver's regular rate of pay during workweeks she earned the bonus and worked more than 40 hours.

43.     Thus, under its bonus pay scheme, ProMedica does not pay Lafaver and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 a workweek.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

44.     Lafaver brings her Pennsylvania state law claims as a class action pursuant to FED. R. CIV. P. 23 and brings her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

45.     Like Lafaver, the other Hourly Employees are victimized by ProMedica's bonus pay scheme.

46.     Other Hourly Employees worked with Lafaver and indicated they were paid in the same manner under ProMedica's bonus pay scheme.

47.     Based on her experience with ProMedica, Lafaver is aware ProMedica's bonus pay scheme was imposed on other Hourly Employees.

48.     The Hourly Employees are similarly situated in the most relevant respects.

49.     Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rates—based on all remuneration—for all overtime hours worked.

50.     Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

51.     Rather, ProMedica's bonus pay scheme renders Lafaver and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rates—based on all remuneration—for all hours worked in excess of 40 a workweek.

52.     ProMedica's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

53. ProMedica's records also show it paid the Hourly Employees non-discretionary bonuses, including sign on bonuses, it failed to include in their regular rates of pay for overtime purposes.

54. The back wages owed to Lafaver and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

55. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ProMedica's records, and there is no detraction from the common nucleus of liability facts.

56. Therefore, the issue of damages does not preclude class or collective treatment.

57. Lafaver's experiences are typical of the experiences of the other Hourly Employees.

58. Lafaver has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

59. Like each Hourly Employee, Lafaver has an interest in obtaining the unpaid wages owed under Pennsylvania and federal law.

60. Lafaver and her counsel will fairly and adequately protect the interests of the Hourly Employees.

61. Lafaver retained counsel with significant experience handling complex class and collective action litigation.

62. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and ProMedica will reap the unjust benefits of violating the FLSA and Pennsylvania law.

63. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

7

64. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and ProMedica.

65. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

66. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

67. Among the common questions of law and fact are:

    a. Whether ProMedica paid the Hourly Employees non-discretionary bonuses;

    b. Whether ProMedica failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

    c. Whether ProMedica failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

    d. Whether ProMedica's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith;

    e. Whether ProMedica failed to pay the Hourly Employees earned wages for all their hours worked, in violation of the WPCL;

    f. Whether ProMedica's failure to pay the Hourly Employees all their earned wages was the result of a bona fide dispute; and

    g. Whether ProMedica's violations were willful.

68.    As part of its regular business practices, ProMedica intentionally, willfully, and repeatedly violated the FLSA and Pennsylvania law with respect to Lafaver and the other Hourly Employees.

69.    There are many similarly situated Hourly Employees who have been denied overtime pay at the required rates—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

70.    The Hourly Employees are known to ProMedica, are readily identifiable, and can be located through ProMedica's business and personnel records.

### PROMEDICA'S VIOLATIONS WERE WILLFUL, UNREASONABLE, AND NOT THE RESULT OF A *BONA FIDE* DISPUTE

71.    ProMedica knew it employed Lafaver and the other Hourly Employees.

72.    ProMedica knew it was subject to the PMWA's and FLSA's overtime provisions.

73.    ProMedica knew the PMWA and FLSA required it to pay non-exempt employees, including Lafaver and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

74.    ProMedica knew it was subject to the WPCL.

75.    ProMedica knew the WPCL required it to pay employees, including its Hourly Employees, all earned wages, including overtime wages, on their regular paydays and following the termination of their employment.

76.    ProMedica knew each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because it recorded these employees' "on the clock" hours worked via its timekeeping system.

77.    ProMedica knew the Hourly Employees were non-exempt employees entitled to overtime pay.

78.    ProMedica knew it paid the Hourly Employees non-discretionary bonuses.

9

79. ProMedica knew these non-discretionary bonuses were required to be, but were not included in the Hourly Employees' regular rates of pay for overtime purposes.

80. And ProMedica knew the PMWA and FLSA required it to pay the Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

81. ProMedica's failure to pay Lafaver and the other Hourly Employees overtime at the required rates based on their true regular rates of pay for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

82. ProMedica's refusal to pay its Hourly Employees earned wages for all hours worked, including overtime, on their regular paydays and following the termination of their employment was unreasonable.

83. ProMedica's failure to pay its Hourly Employees their earned wages was not the result of a *bona fide* dispute.

84. ProMedica knew its conduct violated the FLSA, PMWA, and WPCL.

85. ProMedica knowingly, willfully, and/or in reckless disregard of applicable federal and Pennsylvania law carried out its unlawful bonus pay scheme that deprived Lafaver and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for hours worked after 40 in a workweek.

<u>COUNT I</u>
**FAILURE TO PAY OVERTIME UNDER THE FLSA**
**(FLSA COLLECTIVE)**

86. Lafaver brings her FLSA claim as a collective action on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

87. ProMedica violated, and is violating, the FLSA by employing non-exempt employees such as Lafaver and the other FLSA Collective Members in a covered enterprise for workweeks longer

than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

88.     ProMedica's unlawful conduct harmed Lafaver and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

89.     Accordingly, ProMedica owes Lafaver and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

90.     Because ProMedica knew or showed reckless disregard for whether its bonus pay scheme violated the FLSA, ProMedica owes Lafaver and the other FLSA Collective Members these wages for at least the past 3 years.

91.     ProMedica is also liable to Lafaver and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

92.     Finally, Lafaver and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
### (PENNSYLVANIA CLASS)

93.     Lafaver brings her PMWA claim as a class action on behalf of herself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

94.     ProMedica's conduct violated the PMWA (43 PA. STAT. §§ 333.101, *et seq.*).

95.     At all relevant times, ProMedica was subject to the PMWA because ProMedica was (and is) an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

96.     At all relevant times, ProMedica employed each Pennsylvania Class Member as its covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

97.     The PMWA requires employers, like ProMedica, to pay non-exempt employees, including Lafaver and the other Pennsylvania Class Members, overtime at rates of at least 1.5 times

their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. 43 PA. STAT. § 333.104(c); *see* 34 PA. CODE §§ 231.41-43.

98. ProMedica violated, and is violating, the PMWA by employing non-exempt employees (Lafaver and the other Pennsylvania Class Members) for workweeks in excess of 40 hours without paying them at least 1.5 times their true regular rates of pay for all hours worked in excess of 40 in a workweek. *See* 43 PA. STAT. § 333.104(c); *see also* 34 PA. CODE §§ 231.41-43.

99. ProMedica's unlawful conduct harmed Lafaver and the other Pennsylvania Class Members by depriving them of the overtime wages they are owed.

100. Accordingly, ProMedica owes Lafaver and the other Pennsylvania Class Members the difference between the rate actually paid and the required overtime rate plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 333.113.

101. Finally, Lafaver and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 333.113.

**COUNT III**
**FAILURE TO PAY EARNED WAGES UNDER THE WPCL**
**(PENNSYLVANIA CLASS)**

102. Lafaver brings her WPCL claim as a class action on behalf of herself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

103. ProMedica's conduct violates the WPCL. 43 PA. STAT. §§ 260.1, *et seq.*

104. At all relevant times, ProMedica was subject to the WPCL because ProMedica was (and is) an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

105. At all relevant times, ProMedica employed Lafaver and each Pennsylvania Class Member as its covered "employees" within the meaning of the WPCL.

106. The WPCL requires employers, like ProMedica, to pay employees, including Lafaver and the other Pennsylvania Class Members, all wages (including overtime) earned, due, and owing to

them on their regular payday(s) and following the termination of their employment. 43 PA. STAT. §§ 260.3 and 260.5.

107.    ProMedica violated, and is violating, the WPCL by depriving the Pennsylvania Class Members of all wages earned, due, and owing to them on their regular paydays and/or following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

108.    Lafaver's and the other Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

109.    ProMedica's unlawful conduct harmed Lafaver and the other Pennsylvania Class Members by depriving them of the earned wages they are owed.

110.    ProMedica's failure to pay Lafaver and the other Pennsylvania Class Members earned wages was not the result of a *bona fide* dispute.

111.    Rather, ProMedica knowingly failed to pay earned wages to Lafaver and the other Pennsylvania Class Members.

112.    Accordingly, ProMedica owes Lafaver and the other Pennsylvania Class Members their unpaid earned wages plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 260.9a.

113.    ProMedica also owes Lafaver and the other Pennsylvania Class Members liquidated damages in an amount equal to the greater of 25% of their unpaid earned wages or $500. *See* 43 PA. STAT. § 260.10.

114.    Finally, Lafaver and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 260.9a(f).

### JURY DEMAND

115.    Lafaver demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Lafaver, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order designating this action as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Lafaver and her counsel to represent the interests of the Hourly Employees;

d. An Order finding ProMedica liable to Lafaver and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA plus an equal amount as liquidated damages;

e. An Order finding ProMedica liable to Lafaver and the other Pennsylvania Class Members for unpaid overtime wages owed under the PMWA plus all available penalty wages;

f. An Order finding ProMedica liable to Lafaver and the other Pennsylvania Class Members for unpaid earned wages owed under the WPCL plus liquidated damages in an amount equal to the greater of 25% of their unpaid wages or $500;

g. A Judgment against ProMedica awarding Lafaver and the Hourly Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, PMWA, and WPCL;

14

h. An Order awarding attorney's fees, costs, and expenses;

i. Pre- and post-judgment interest at the highest applicable rates; and

j. Such other and further relief as may be necessary and appropriate.

Dated: March 31, 2026

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Edmund C. Celiesius*
Edmund C. Celiesius
PA ID No. 326197
Michael A. Josephson*
PA ID No. 308410
Andrew W. Dunlap*
TX Bar No. 24078444
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Phone: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice application forthcoming*

**ATTORNEYS FOR LAFAVER AND THE HOURLY EMPLOYEES**